UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY FREGIA,<br><br>    Petitioner,<br><br>  v.<br><br>MIKE McDONALD, warden,<br><br>    Respondent.<br>_____ / | No. C 11-3595 SI (pr)<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |

## INTRODUCTION

Mark Anthony Fregia, an inmate at High Desert State Prison in Susanville, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is now before the court for consideration of respondent's motion to dismiss for failure to exhaust state court remedies and Fregia's motion for a stay and abeyance. For the reasons discussed below, both motions will be granted and the action will be stayed to permit exhaustion of state court remedies.

## BACKGROUND

Fregia was convicted in Contra Costa County Superior Court of two counts of murder, one count of attempted manslaughter, arson, mayhem, kidnapping and carjacking. He was sentenced to life in prison without the possibility of parole in February 2008. The California Court of Appeal affirmed the judgment of conviction in 2009 and the California Supreme Court denied his petition for review in 2010. Fregia then filed this action.

The petition alleged that the trial court erred in denying the defense's *Batson/Wheeler*

1  motions (Arguments I and II), and that his right to due process was violated by the prosecutor's
2  misconduct (Arguments III and IV).   The court found the claims cognizable and ordered
3  respondent to show cause why the petition should not be granted.

4  Thereafter, Fregia filed a first amended habeas petition – actually, he filed two of them.
5  He filed a first amended petition on November 14, 2011 (Docket # 9), and filed another
6  document also labeled as a first amended petition on November 21, 2011 (Docket # 10).  In a
7  letter attached to the latter, Fregia explained that Docket # 10 was submitted to correct two errors
8  he had made in Docket # 9, i.e., he had neglected to sign Docket # 9 and had misidentified a
9  person on page 22 of the supporting brief.  The operative pleading is now the first amended
10 petition (Docket # 9), as amended by Docket # 10.  The first amended petition repeated the
11 claims from the original petition and added two new claims, i.e., a claim that the reasonable
12 doubt standard of proof  was diminished in violation of his right to due process and a claim that
13 the felony murder instructions given at trial violated his right to due process.

14 Respondent then moved to dismiss on the ground that state court remedies had not been
15 exhausted.  Specifically, respondent argued that state court remedies had not been exhausted for
16 the two new claims in the first amended petition.

17 Fregia filed an opposition to the motion to dismiss, and a motion for a stay and abeyance.
18 Fregia did not dispute respondent's contention that he had not exhausted state court remedies for
19 the two new claims in the first amended petition, and instead stated that he was attempting to
20 exhaust them so they could be considered by this court.  Respondent did not file an opposition
21 to Fregia's motion for a stay and abeyance.

22
23 **DISCUSSION**

24 Prisoners in state custody who wish to challenge collaterally in federal habeas
25 proceedings either the fact or length of their confinement are required first to exhaust state
26 judicial remedies, either on direct appeal or through collateral proceedings, by presenting the
27 highest state court available with a fair opportunity to rule on the merits of each and every claim
28

they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c).

The parties agree that Fregia has not exhausted state court remedies for the two new claims in the first amended petition, and agree that Fregia has a habeas petition pending in state court trying to exhaust those claims. Fregia's first amended petition contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust). Respondent's motion to dismiss is GRANTED. (Docket # 11.)

Upon granting a motion to dismiss such as respondent's, the court typically requires a petitioner to choose what to do with his mixed petition problem – i.e., dismiss the unexhausted claims, dismiss the action, or seek a stay and abeyance – but that is unnecessary here because Fregia already has chosen to seek a stay and abeyance. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Fregia urged in his unopposed motion that he failed to first exhaust the new claims in state court because appellate counsel failed to raise them on appeal, and he urged that the claims were meritorious. He does not appear to be engaging in dilatory litigation tactics. Upon due consideration, petitioner's motion for a stay and abeyance is GRANTED. (Docket # 12.)

Fregia repeatedly makes reference to his appellate attorney's alleged ineffective assistance. However, he has not asserted ineffective assistance of appellate counsel as a claim for federal habeas relief. The court assumes that Fregia intentionally has chosen not to assert such a claim. If Fregia does want to assert an ineffective assistance of counsel claim, he must further amend his first amended petition to specifically allege it. Therefore, when petitioner moves to reopen the action, he must also move to amend to add that claim if he wants to assert

3

it at all.  Petitioner is cautioned that any ineffective assistance of counsel claim cannot be entertained in this court unless and until state court remedies have been exhausted for it.

## CONCLUSION

Respondent's motion to dismiss is GRANTED.  (Docket # 11.)  Petitioner's motion for a stay and abeyance is GRANTED.  (Docket # 12.)

This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action.  Nothing further will take place in this action until Fregia exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his first amended petition to add any new claims.  Fregia must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded.

IT IS SO ORDERED.

DATED: May 19, 2012

                                                            SUSAN ILLSTON
United States District Judge