1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK ANTHONY FREGIA,

Petitioner,

v.

MIKE McDONALD, Warden,

Respondent.

Case No.  11-3595 WHO (PR)

**ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS;
DENYING CERTIFICATE OF
APPEALABILITY**

United States District Court
Northern District of California

        The Court denied the petition for writ of habeas corpus on February 7, 2014.

Petitioner Mark Anthony Fregia filed a petition for rehearing, asserting that there were

additional claims which he exhausted in the state courts that were not addressed in the

order denying the petition.  The Court granted the motion and reopened the matter for the

purpose of ruling on these remaining claims which are fully briefed.  (Docket No. 32.)

        The claims discussed herein are as follows: (1) the first degree murder convictions

of Daelin and Devlin must be reduced to voluntary manslaughter because Fregia did not

harbor the required intent; (2) California's felony murder rule is unconstitutional; and (3)

ineffective assistance of appellate counsel.[1]

---

[1] This order is a supplemental to the Order Denying Petition for Writ of Habeas Corpus
filed on February 7, 2014.  (Docket No. 27.)  In that order, the Court found no merit in

United States District Court
Northern District of California

**STANDARD OF REVIEW**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable."  *Id.* at 409.

---

Fregia's claims that (1) the trial court erred in denying his *Batson/Wheeler* motion, thereby violating his right to an impartial jury; and (2) the prosecution engaged in misconduct.

**DISCUSSION**

I.   *Insufficient Evidence*

Fregia claims that his two first degree murder convictions for the killings of Daelin and Devlin must be set aside, or at least reduced to voluntary manslaughter, because the jury found that he did not possess the required criminal intent for those convictions. Specifically, Fregia argues that because the jury convicted him of the lesser crime of attempted voluntary manslaughter of Weaver, they must have found that he did not act with premeditation, deliberation and malice which are the required intent for murder. Fregia argues that because he did not act with the required intent to kill Weaver, he could not therefore be guilty of first degree murder of the children.

The superior court rejected this claim as "fundamentally misconceived" and explained: "Petitioner's proposed arguments concern themselves with his mental state at the time of the crime and fail to appreciate the scope of the felony murder rule under which he was convicted."  (Ans., Ex. 9 at 2.)  California's felony murder rule states that any killing which occurs in the course of an enumerated felony, including kidnapping, is first degree murder.  *See People v. Sarun Chun*, 45 Cal.4th 1172 (2009).

A state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt therefore states a constitutional claim, *see Jackson v. Virginia*, 443 U.S. 307, 321 (1979), which, if proven, entitles him to federal habeas relief, *see id.* at 324.  The evidence clearly shows that Fregia was engaged in kidnapping and mayhem, and that the killing of the children occurred in the course of those felonies.  During closing argument, trial counsel admitted that Fregia was guilty of carjacking, kidnapping and the felony murders of Daelin and Devlin.  (19 RT 4530-4531, 4534, 4581-4582, 4592, 4606-4607.)[2]  Fregia presents no evidence challenging those convictions.  The state court's

_____

[2] 19 RT 4530-4531 refers to the Reporter's Transcript (Ans., Ex. 2), Volume 19, pages 4530 through 4531, and so on and so forth.

United States District Court
Northern District of California

1    rejection of this claim was not contrary to, or an unreasonable application of, Supreme

2    Court precedent or based on an unreasonable determination of the facts in light of the

3    evidence presented.  28 U.S.C. § 2254(d)(2).  Accordingly, Fregia is not entitled to habeas

4    relief on this claim.

5    II.    *California's Felony Murder Rule*

6         Fregia claims that California's felony murder rule is unconstitutional because it

7    allows a defendant to be convicted of murder even if he does not have the required mens

8    rea for the crime.

9         Courts have held that California's felony murder rule is not an evidentiary shortcut

10   to finding malice, but a rule of substantive law establishing a first or second degree murder

11   penalty for murders which occurred in the course of committing another felony.  *See*

12   *McMillan v. Gomez*, 19 F.3d 465, 470 (9th Cir.), *cert. denied*, 513 U.S. 860 (1994); *Suniga*

13   *v. Bunnell*, 998 F.2d 664, 668 (9th Cir. 1993).  The rule does not create an unconstitutional

14   presumption of malice, i.e. a presumption which allows the jury to convict of an element of

15   murder on a lesser standard than beyond a reasonable doubt.  *See id.*  A defendant's intent,

16   which the prosecution must prove, relates to the other felony rather than the murder.  *See*

17   *McMillan*, 19 F.3d at 470.

18        Fregia's claim is without merit.  *McMillan* establishes that California's felony

19   murder rule is not unconstitutional for the reason Fregia asserts.  19 F.3d at 470.  The

20   prosecution still had to prove Fregia had intent with respect to the underlying felony, and

21   there is no indication that the prosecution failed to do so here: the evidence clearly shows

22   that Fregia had the intent to commit kidnapping.  Furthermore, trial counsel admitted to the

23   underlying felonies in his closing statement.  *See supra* at 3.

24        The state courts' rejection of this claim was not contrary to, or an unreasonable

25   application of, Supreme Court precedent.  28 U.S.C. § 2254(d)(2).  Accordingly, Fregia is

26   not entitled to habeas relief on this claim.

27   ///

28                                            4

United States District Court
Northern District of California

III.    ***Ineffective Assistance of Appellate Counsel***

Fregia's final claim is that his appellate counsel rendered ineffective assistance in failing to raise the claims discussed above in his appeal.

Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Moormann v. Ryan*, 628 F.3d 1101, 1106 (9th Cir. 2010).  First, the petitioner must show that counsel's performance was objectively unreasonable, which in the appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue.  *Smith*, 528 U.S. at 285; *Moormann*, 628 F.3d at 1106.  Second, the petitioner must show prejudice, which in this context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal. *Smith*, 528 U.S. at 285-86; *Moormann*, 628 F.3d at 1106.

This claim is without merit because Fregia fails to show prejudice.  He raised the claims which he asserts appellate counsel should have raised on state habeas and they were rejected on the merits.  As discussed above, the Court found no merit in these two claims. Therefore it cannot be said that there was a reasonable probability that Fregia would have prevailed on these claims on appeal had appellate counsel raised them.  Accordingly, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, Supreme Court precedent.  28 U.S.C. § 2254(d)(2).  Fregia is not entitled to habeas relief on this claim.

## CONCLUSION

The state courts' adjudication of Fregia's claims did not result in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, nor did they result in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the

United States District Court
Northern District of California

petition is DENIED.

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Fregia may seek a certificate of appealability from the Ninth Circuit.

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:**  June 6, 2014



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


MARK ANTHONY FREGIA,

                    Plaintiff,

   v.

MIKE MCDONALD et al,

                  Defendant.
_____/

Case Number: CV11-03595 WHO

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 6, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.


Mark Anthony Fregia G-07230
Sierra Conservation Center 4C 143
5150 O'Byrnes Ferry Road
Jamestown, CA 95327


Dated: June 6, 2014

                                  Richard W. Wieking, Clerk
                                  By: Jean Davis, Deputy Clerk